UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>             Plaintiff,<br><br>       v.<br><br>FRENCH, et al.,<br><br>             Defendants. | No. 2:21-cv-1403-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint to (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF No. 2).

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff alleges that Officers French, Pfeifer, and Burnette applied or condoned the use of excessive force when they arrested plaintiff on March 3, 2018. ECF No. 1 at 5. Plaintiff will be permitted to proceed with his excessive force claims against these three defendants.

/////

Plaintiff further alleges that Sheriff Scott Jones and Ashley Moore denied him due process and retaliated against him by refusing to provide plaintiff "with reports and all other legal documents he is entitled to under law in order to prosecute this case and prove his claims against the defendants." *Id.* at 6. A wrongful denial of a public records request, however, does not violate plaintiff's constitutional rights. *See Houchins v. KQED, Inc.*, 438 U.S. 1 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."). The exclusive remedy for a denial of a proper California Public Records Act request "is to file a writ of mandamus in state court and money damages are not an available remedy." *Brooks v. Vallejo City Unified Sch. Dist.*, No. 2:12-cv-1466-GEB-EFB, 2013 U.S. Dist. LEXIS 33455 at *12 (E.D. Cal. Mar. 11, 2013) (citing Cal. Gov't Code §§ 6258, 6259(d)). As for a First Amendment retaliation claim, plaintiff fails to show that either defendant was aware of plaintiff's protected conduct or that their denial of his records request was *because of* his protected conduct. Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Plaintiff may choose to clarify this claim in an amended complaint.

Last, plaintiff claims that "[a]fter being driven from Napa Valley to the Sacramento Sheriff's Department, [he] was denied medical care" in violation of the Eighth Amendment. ECF No. 1 at 7. Defendant Lamb purportedly told plaintiff, who was bleeding, that he would receive medical care after they "spoke about his crime." *Id.* Plaintiff claims he did not receive medical care for 48 hours. *Id.* Lamb's alleged failure to immediately summon medical care, however, does not constitute deliberate indifference in violation of the Eighth Amendment unless plaintiff can show that Lamb's conduct led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002). Plaintiff may attempt to cure this defect in any amended complaint. Further, should plaintiff choose to amend, he should also specify what serious medical needs he presented to Lamb and who was responsible for the 48-hour delay in treatment. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

/////

For these reasons, plaintiff may either proceed only on the potentially cognizable excessive force claims against defendants French, Pfeifer, and Burnette or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

## Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

/////

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, potentially cognizable excessive force claims against defendants French, Pfeifer, and Burnette.

4. All other claims, including those against defendants Jones, Moore, and Lamb, are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;

6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: November 8, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRENCH, et al.,<br><br>    Defendants. | No. 2:21-cv-1403-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

   (1) _____   proceed only with the excessive force claims against defendants French, Pfeifer, and Burnette ;

   OR

   (2) _____   delay serving any defendant and file an amended complaint.

_____
                                                                                   Plaintiff

Dated:

6