UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA,<br><br>Plaintiff,<br><br>v.<br><br>FRENCH, et al.,<br><br>Defendants. | No. 2:21-cv-01403-TLN-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. Defendants seek dismissal of the case, arguing that plaintiff's claim fails as a matter of law. ECF No. 18. For the reasons that follow, the court finds that the motion must be denied.

I. **Plaintiff's Allegations**

In his complaint, plaintiff alleges:

On March third 2018 Officer French and Officer Pfeifer stormed my residence without announcing themselves and kicked in the bedroom door occupied by my wife and myself. After they kicked the door in, these two defendants ordered my wife and myself to the ground, we immediately complied. While I was face down on the ground, Officer French kicked me on my left side causing serious injury. Immediately after this, Officer Pfeifer kicked me in the face.

After taking turns beating and kicking me, Officer Pfeifer struck me in the back of my head with his rifle. At no time did my wife or I put up a struggle or resist in any way. At the same time all of this was going on, Officer Burnett watched as his partners beat and kicked me without so much as a word to his partners to stop.

ECF No. 1 at 5.

**II.     The Motion to Dismiss**

    A. *Legal Standards Governing Motions to Dismiss*

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts). *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

    B. *Analysis*

Defendants seek to dismiss plaintiff's complaint because plaintiff asserted his excessive force claim against them under the Eighth Amendment and that Amendment does not govern excessive force claims brought by arrestees.

/////

    The fact that plaintiff cited the wrong constitutional amendment in his complaint is not a legitimate basis for dismissal.  The Constitution does not sanction excessive force by officers against arrestees simply because they have not yet been jailed or convicted.  Such claims, while not governed by the Eighth Amendment, *are* governed by the Fourth Amendment's prohibition on unreasonable seizures.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's complaint meets this standard.  *See, e.g., Tennyson v. Hatton*, No. 6:16-cv-1206, 2020 U.S. Dist. LEXIS 900971, at *8 (E.D. Tex. Apr. 2, 2020) ("[T]he fact that a pro se plaintiff may have cited the wrong constitutional provision does not provide a basis upon which to dismiss the claim in light of the liberality accorded to pro se pleadings."); *Stewart v. Kinch*, No. 12-1509, 2012 U.S. Dist. LEXIS 180614, at *17 n.4 (E.D. Pa. Dec. 20, 2012) (same).  Here, plaintiff has alleged enough factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged as excessive force.  It is clear that if the factual allegations are true, those actions would violate the Fourth Amendment's prohibition of excessive force.  *See Graham*, 490 U.S. at 394.

### III.    Recommendation

    For the reasons provided above, it is hereby RECOMMENDED that defendants' February 28, 2022 motion to dismiss (ECF No. 18) be denied.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 21, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE