UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:21-cv-1403-DJC-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL FRENCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed this action on August 6, 2021. ECF No. 1. On November 8, 2021, pursuant to 28 U.S.C. § 1915A(a), the court determined that plaintiff's complaint alleged potentially cognizable Eighth Amendment claims for excessive force against defendants Michael French, Nathan Burnette, and Paul "Scott" Pfeifer. ECF No. 7. All other claims were dismissed with leave to amend, *id.,* and plaintiff opted not to amend his complaint. ECF No. 10. Plaintiff was subsequently permitted to file an amended complaint (ECF No. 46), and the operative complaint in this action (against defendants Burnette, French, Pfeifer, and Jose "Joey" Lemus) is docketed at ECF No. 39.

/////

/////

/////

1

Defendants now move for summary judgment on the ground that plaintiff's claims are time-barred. Defendant French also moves for summary judgment on the alternate ground that he used no force on plaintiff. For the reasons that follow, the motion for summary judgment on the ground that plaintiff's claims are time-barred must be granted.

### I.     The First Amended Complaint

Plaintiff is currently housed at Mule Creek State Prison. ECF No. 39. The alleged events underlying plaintiff's operative complaint concern his arrest on March 9, 2018 by Detectives French, Burnette, Pfeifer, and Lemus of the Sacramento County Sherriff's Department. *Id.* at 2-3. According to plaintiff's complaint, during his arrest:

> [O]ne of the officers . . . secured my wife while the other three officers proceeded to punch, kick, hit with the butt of their rifle, and generally assault me while I was on the ground. I was kicked on my left side causing serious injury to my ribs, I was kicked in the face and head multiple times, and hit with the butt of a rifle to the back of my head causing serious lacerations and bleeding, as well as many other attacks and injuries.

*Id.* at 3. Plaintiff originally filed this action on August 6, 2021. ECF No. 1.

### II.    Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R.

2

Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

/////
/////
/////
/////

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On

4

1  the other hand, the opposing party "must do more than simply show that there is some
2  metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead
3  a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"
4  *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary
5  judgment.
6  Concurrent with their motion for summary judgment, defendants advised plaintiff of the
7  requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.
8  ECF No. 52-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d
9  952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999).

### III. Analysis

11  Defendants move for summary judgment on the ground that this action is untimely.
12  Section 1983 does not specify a limitations period. *Wilson v. Garcia,* 471 U.S. 261, 266 (1985).
13  "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for
14  personal injury actions, along with the forum state's law regarding tolling, including equitable
15  tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*,
16  393 F.3d 918, 927 (9th Cir. 2004). "California's statute of limitations for personal injury claims
17  is two years." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).
18  According to defendants, plaintiff's complaint is time-barred because the date of his arrest
19  and the concomitant alleged excessive force was March 9, 2018, and plaintiff did not file his
20  complaint until August 6, 2021. Plaintiff does not dispute that he filed his federal complaint more
21  than two years after his claim accrued on March 9, 2018[1]; rather, plaintiff alleges that because he
22  is a pro se prisoner, he is entitled to a four-year statute of limitations. In addition, plaintiff argues
23  that prior to filing in federal court, he filed a citizen's complaint with the Sacramento County
24  Sheriff's Internal Affairs on November 25, 2019. ECF No. 53. While plaintiff does not explicitly

---

[1] While California law applies in determining the statute of limitations, the accrual date of a section 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a section 1983 claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F. 3d 1021, 1025 (9th Cir. 2015). Here, it is undisputed that plaintiff's claim accrued on March 9, 2018, the date of his arrest.

so state, the court assumes that plaintiff is arguing that his citizen's complaint entitles him to a tolling of the statute of limitations.

### A. Tolling Pursuant to Cal. Civ. Pro. Code § 352.1

While, as discussed *supra*, the statute of limitations for personal injury torts in California is two years, "[i]f a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." Cal. Code Civ. Pro. § 352.1(a); *see Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's equitable tolling rules to the extent those rules are not inconsistent with federal law). Thus, a prisoner serving a term less than life in California may have four years to file a federal section 1983 claim. *See Cato v. Durst*, 2019 WL 2249636, * 2 (E.D. Cal. 2019).

Defendants argue that section 352.1(a) is not applicable here, because plaintiff's cause of action accrued while he was in his home at the time of his arrest, and not "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Code Civ. Pro. § 352.1(a). The Ninth Circuit previously stated that "[a] person held in police custody prior to arraignment is faced with the same limitations as someone in custody after arraignment. In light of this fact, we hold that actual, uninterrupted incarceration is the touchstone for assessing tolling under § 352(a)(3) [the precursor to § 352.1(a)], which covers all post-arrest custody." *Elliott v. Union City*, 25 F.3d 800, 803 (9th Cir. 1994); *Bianchi v. Bellingham Police Dep't.* 909 F.2d 1316, 1318 (9th Cir. 1990) (applying principle to Washington statute with similar language).

More recently, however, a California court of appeals has held, after analyzing the statutory language and legislative history of Cal. Civ. Pro. Code § 352.1(a), that tolling is available only if the plaintiff is serving a term of imprisonment "in the state prison" at the time of accrual. *Austin v. Medicis*, 21 Cal. App. 5th 577, 582 (2018), *reh'g denied* (Apr. 11, 2018), *review denied* (June 13, 2018). The court specifically held that pretrial custody in a county jail does not render an arrestee "imprisoned on a criminal charge" under section 352.1(a). *Id.* at 597.

6

1    Since then, the Ninth Circuit has found, in two unpublished decisions relying on the California
2    court of appeals opinion in *Austin*, that a pretrial detainee was not entitled to the statutory tolling
3    available under Cal. Civ. Pro. Code § 352.1(a).  *See Shaw v. Sacramento Cnty. Sheriff's Dep't.*,
4    810 Fed. Appx. 553, 554 (9th Cir. 2020) (finding that a plaintiff whose claim was based on events
5    surrounding her arrest and overnight detention was not entitled to statutory tolling); *Darbouze v.*
6    *Christopher*, 2022 WL 1769794, *1 (9th Cir. 2022) (citing *Austin* and upholding district court
7    decision that claim that arose while plaintiff was pretrial detainee did not qualify for statutory
8    tolling under Cal. Code Civ. Pro. § 352.1(a)).  Post-*Austin*, the district courts have been split on
9    this issue.  *Compare, e.g., Alexander v. Cnty of Los Angeles*, 2021 WL 2407703, *4  (C.D. Cal.
10   2021) (noting a split on the issue and ultimately following *Elliott*) with *Sekerke v. Hoodenpyle*
11   2021 WL 973565, *6 (S.D. Cal. 2021 (following *Austin*); *Cota v. Santa Ana Police Dep't*, 2022
12   U.S. Dist. LEXIS 108703, *18 (C.D. Cal. 2022) (following *Austin*); *Shaw v. Sacramento County*
13   *Sheriff's Dep't.*, 343 F. Supp. 3d 919, 923-24 (E.D. Cal. 2018) (following *Austin*).
14           Although there does not yet appear to be a post- *Austin* published opinion from the Ninth
15   Circuit addressing the question, there is guidance from the Circuit generally.  "'Where there is no
16   convincing evidence that the state supreme court would decide differently, a federal court is
17   obligated to follow the decisions of the state's intermediate appellate courts.'" *Vestar Dev. II,*
18   *LLC v. Gen. Dynamics Corp.,*  249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel Employees*
19   *Credit Union,* 87 F3d 1537, 1545 (9th Cir. 1996) (internal quotation marks omitted)).  Here,
20   plaintiff has not submitted, and the court is unaware of, any evidence that the California Supreme
21   Court would decide differently than the *Austin* court regarding statutory tolling under Cal. Code
22   Civ. Pro. § 352.1(a).  Indeed, the *Austin* court addressed the *Elliott* decision, and found it
23   unpersuasive because *Elliott* "predated the enactment of section 352.1" and "did not have the
24   benefit of the legislative findings on this subject." *Austin*, 21 Cal. App. 5th at 590, n.4.  In
25   analyzing the legislative history, the *Austin* court found that it explicitly focused on "inmates
26   incarcerated in California prisons." *Id.* at 596.  Thus, based on the caselaw addressed *supra*, this
27   court finds that the *Austin* decision, and the federal court decisions adopting *Austin*, are
28   controlling.

Here, plaintiff's claim arose on March 9, 2018 – the day he was arrested, and allegedly beaten. ECF No. 39 at 3. At the time plaintiff's action accrued – during his arrest – plaintiff was not "imprisoned on a criminal charge" and thus he is not entitled to tolling under Cal. Code Civ. Pro. § 352.1(a). The fact that plaintiff is *currently* in state prison is not relevant, as the statute makes clear that plaintiff's status "at the time the cause of action accrued" is controlling. *See id.* Accordingly, plaintiff's section 1983 claims relating to his arrest were not tolled under Cal. Code Civ. Pro. § 352.1(a), and the statute of limitations for these claims ended on March 9, 2020, two years after plaintiff's arrest, and well before plaintiff filed his original complaint on August 6, 2021.[2] ECF No. 1.

### B. Tolling Pursuant to Cal. Government Code § 945.3

Pursuant to Cal. Government Code § 945.3:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges against the accused are pending before a superior court.

Under California law, criminal charges are pending for the purposes of section 945.3 until the date of judgment and sentence. *McAlpine v. Superior Court*, 209 Cal. App. 3d 1, 8 (1989).

/////

/////

/////

/////

/////

---

[2] Plaintiff also maintains that the COVID-19 pandemic delayed his ability to file this action. This argument is without merit. First, plaintiff has not cited to any authority in support of his argument. In addition, the COVID-19 state of emergency was declared in March 2020, giving plaintiff nearly two years after his March 2018 arrest to file a section 1983 action. During this time period, plaintiff filed his citizen's complaint (ECF No. 1 at 9-14) and presumably had the ability to file a section 1983 action as well.

As defendants correctly argue, tolling under this statute would not save plaintiff's claims.[3] Plaintiff's date of judgment and sentence was December 18, 2018. ECF No. 52-7. If the two-year statute of limitations began to run on that date, plaintiff would have had until December 18, 2020 to file his section 1983 claim. Plaintiff did not file his complaint until August 6, 2021. ECF No. 1.

### C. Plaintiff's Citizen Complaint

Plaintiff's citizen's complaint is inadequate to toll the statute of limitations for his federal action because the remedies available under section 1983 are separate and independent from any state remedies. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985) (stating that "Congress therefore intended that the remedy provided in § 1983 be independently enforceable whether or not it duplicates a parallel state remedy."). California courts have reached similar conclusions. *See, e.g. Williams v. Horvath,* 16 Cal. 3d 834, 842 (1976) (finding that "the California remedy of recourse to the Tort Claims Act need not be first sought before a plaintiff is free to invoke the Civil Rights Act. While there may be considerable overlap between the two statutes in given circumstances, the purposes underlying them are distinct."). Accordingly, plaintiff's state claim did not toll the statute of limitations for his federal claim.

### IV. Conclusion

Because it is undisputed that plaintiff filed his claim after the two-year statute of limitations, and because plaintiff does not demonstrate that he qualifies for tolling, defendants' motion for summary judgment on the ground that plaintiff's complaint is time-barred must be granted. Defendant French's motion for summary judgment on the ground that he did not use force on plaintiff is therefore moot.

/////

/////

/////

/////

---

[3] For the purposes of this motion, the court assumes without deciding that the defendants are "peace officers" and thus that Cal. Government Code § 945.3 would apply here.

### V. Recommendation

For the foregoing reasons, it is RECOMMENDED that defendants' motion for summary judgment on the ground that plaintiff's complaint is untimely (ECF No. 52) be GRANTED and the Clerk of the Court be directed the enter judgment in favor of defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE