UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:21-cv-01403-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| FRENCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that, on March 9, 2018, Defendants, who are four Sacramento County Deputy Sheriffs, "stormed" his residence, kicked in the bedroom door occupied by Plaintiff and his wife, and ordered Plaintiff to the ground.  (ECF No. 39.)  Plaintiff alleges the Defendants proceeded to assault him while he lay on the ground, causing Plaintiff serious injury.  (*Id.*)

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On February 16, 2023, Defendants filed a motion for summary judgment.  (ECF No. 52.)  On August 7, 2023, the Magistrate Judge filed findings and recommendations herein which were served on all Parties and notified them that any objections to the findings and recommendations must be filed within fourteen days.  (ECF No. 56.)  The Magistrate Judge recommended that Defendants' motion for summary judgment be granted on the ground that Plaintiff's complaint is time-barred.  (*Id.*)  Plaintiff filed objections (ECF No. 57), and Defendants filed a response to those objections (ECF Nos. 60, 61).

Plaintiff filed this action on August 6, 2021, suing Defendants for excessive force under section 1983. (ECF No. 1.) "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). "California's statute of limitations for personal injury claims is two years." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). It is undisputed that Plaintiff's cause of action accrued on March 9, 2018. Plaintiff filed his complaint more than two years after his claim accrued. Accordingly, Plaintiff's claim is time-barred unless they are subject to any applicable tolling.

The Magistrate Judge found Plaintiff's claims were not subject to tolling. (*See* ECF No. 56.) Of note, the Magistrate Judge found that Plaintiff was not entitled to tolling pursuant to California Code of Civil Procedure § 352.1(a), which permits tolling for the disability of incarceration. (*Id.* at 6–8.) That section provides "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." Cal. Code Civ. Proc. § 352.1(a). Thus, a prisoner serving a term less than life in California may have four years to file a federal section 1983 claim. *See Cato v. Durst*, No. 2:17-cv-1873-TLN-EFB P, 2019 WL 2249636, * 2 (E.D. Cal. May 23, 2019).

The Ninth Circuit previously held that a person "held in police custody prior to arraignment is faced with the same limitations as someone in custody after arraignment . . . [thus] actual, uninterrupted incarceration is the touchstone for assessing tolling under § 352(a)(3) [the precursor to § 352.1(a)], which covers all post-arrest custody." *Elliott v. Union City*, 25 F.3d 800, 803 (9th Cir. 1994) (quotations omitted). Thus, under *Elliott*, a plaintiff held in continuous pre-trial custody following arrest could benefit from tolling pursuant to section 352.1(a).

Post-*Elliott*, however, the California Court of Appeal held that tolling under section 352.1(a) is only available if the plaintiff is serving a term of imprisonment "in the state prison" at the time of accrual. *Austin v. Medicis*, 21 Cal. App. 5th 577, 582 (2018), *reh'g denied* Apr. 11, 2018, *review denied* June 13, 2018. The appellate court specifically held that pre-trial custody in a county jail does not render an arrestee "imprisoned on a criminal charge" under section 352.1(a). *Id.* at 597.

The Magistrate Judge applied the holding in *Austin* to find that the Plaintiff was not entitled to tolling under section 352.1(a), reasoning: (1) where there is no convincing evidence that a state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts; (2) there was no post-*Austin* opinion from the Ninth Circuit indicating the California Supreme Court would decide differently; and (3) the court was unaware of any other evidence that the California Supreme Court would decide differently than *Austin*. (ECF No. 56 at 7–8.) In making this determination, the Magistrate Judge noted that the Ninth Circuit had issued two unpublished decisions relying on *Austin*'s holding that a pre-trial detainee is not entitled to the statutory tolling available under section 352.1(a). *See Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 Fed. App'x 553, 554 (9th Cir. 2020); *Darbouze v. Christopher*, No. 21-55133, 2022 WL 1769794, at *1 (9th Cir. June 1, 2022). Thus, because Plaintiff's cause of action accrued while he was arrested in his home, and not while imprisoned, the Magistrate Judge found section 352.1(a) tolling did not apply.

However, after the findings and recommendations were issued, the Ninth Circuit issued a detailed new opinion which analyzed the appellate court's reasoning in *Austin*, and held that *Elliott*, not *Austin*, continues to control in federal court because "[c]onvincing evidence exists that the California Supreme Court, in interpreting § 352.1(a), would not follow *Austin*." *See Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998, at *2 (9th Cir. Sept. 5, 2023). Since *Mosteiro* was issued, district courts have applied *Elliott* when analyzing tolling. *See Frias v. County of San Diego*, No.

3

3:22-CV-00675-JO-AHG, 2023 WL 8285195 (S.D. Cal. Nov. 29, 2023); *Robinson v. County of San Bernardino*, No. EDCV 23-0836-DMG-PVC, 2023 WL 9420507, at *10 n.6 (C.D. Cal. Sept. 26, 2023).

*Mosteiro* is in tension with the Magistrate Judge's holding that *Austin*, not *Elliott*, is the applicable authority here.  However, neither the Magistrate Judge nor the Parties had the benefit of *Mosteiro* when briefing summary judgment.  Accordingly, this Court will order the Parties to submit supplemental briefing addressing *Mosteiro* and its impact on summary judgment.

This Court also notes that it is unclear whether Plaintiff would benefit from section 352.1(a) tolling even if *Elliott* applies because Plaintiff has not alleged whether he was in continuous custody following his arrest on March 9, 2018.  The Court will order Plaintiff to address this fact in his supplemental briefing as well.

In accordance with the above, it is hereby ORDERED:

1. Plaintiff shall file a supplemental brief within twenty-one (21) days of this Order addressing the impact of *Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998 (9th Cir. Sept. 5, 2023) on Defendants' Motion for Summary Judgment (ECF No. 52).  Plaintiff shall also clarify whether he was in continuous custody following his arrest on March 9, 2018.  Plaintiff's supplemental brief shall be limited to five (5) pages.
2. Defendants are granted leave to file an opposition to Plaintiff's supplemental brief within fourteen (14) days of the date the supplemental brief is filed.  Defendants' opposition shall be limited to five (5) pages.
3. Plaintiff is granted leave to file a reply to Defendants' opposition within ten (10) days of the date the opposition is filed.  The reply shall be limited to five (5) pages.

////
////
////

4. Once all supplemental briefs are filed, this matter will be deemed submitted, and the Court will issue a ruling on the findings and recommendations in due course.

IT IS SO ORDERED.

Dated:   **April 30, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

5