UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GOSZTYLA, | No. 2:21-cv-01403-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| FRENCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2023, the Magistrate Judge filed findings and recommendations herein which were served on all Parties and notified them that any objections to the findings and recommendations must be filed within fourteen days. (ECF No. 56.) The Magistrate Judge recommended that Plaintiff's complaint be dismissed on the grounds that it is time-barred. (*Id.*) Plaintiff filed timely objections. (ECF No. 57.)

On April 30, 2024, this Court ordered the Parties to file supplemental briefing addressing whether Plaintiff is entitled to tolling pursuant to California Code of Civil Procedure § 352.1(a), which permits tolling for the disability of incarceration. (ECF No. 63.) Specifically, the Court asked the Parties to address the impact of the Ninth Circuit's decision in *Mosteiro v. Simmons*, No. 22-16780, 2023 WL 5695998 (9th Cir. Sept. 5, 2023) on the tolling analysis. (*Id.*) The Parties have now filed the requested briefing. (ECF Nos. 64, 65, 66.)

1

1    Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has
2 conducted a *de novo* review of the file.  As discussed below, the Court finds that
3 Plaintiff is entitled to tolling under section 352.1(a).  Accordingly, the Court declines to
4 adopt the findings and recommendations.

5                                              **DISCUSSION**

6    Plaintiff alleges that, on March 9, 2018, four Sacramento County Deputy Sheriffs
7 stormed his residence, kicked in the bedroom door occupied by Plaintiff and his wife,
8 and ordered Plaintiff to the ground.  (ECF No. 39.)  Plaintiff alleges the Deputy Sheriffs
9 proceeded to assault him while he lay on the ground, causing Plaintiff serious injury.
10 (*Id.*)  Plaintiff filed this action on August 6, 2021, bringing one claim for excessive force
11 under 42 U.S.C. § 1983.  (ECF Nos. 1, 39.)

12    "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of
13 limitations for personal injury actions, along with the forum state's law regarding
14 tolling, including equitable tolling, except to the extent any of these laws is
15 inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).
16 "California's statute of limitations for personal injury claims is two years."  *Butler v. Nat'l*
17 *Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).  It is undisputed that
18 Plaintiff's cause of action accrued on March 9, 2018.  Plaintiff filed his complaint more
19 than two years after his claim accrued.  Accordingly, Plaintiff's claim is time-barred
20 unless it is subject to any applicable tolling.

21    The Magistrate Judge found Plaintiff's claim was not subject to tolling.  (*See*
22 ECF No. 56.)  Of note, the Magistrate Judge found that Plaintiff was not entitled to
23 tolling pursuant to California Code of Civil Procedure § 352.1(a), which permits tolling
24 for the disability of incarceration.  (*Id.* at 6–8.)  That section provides "[i]f a person
25 entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned
26 on a criminal charge, or in execution under the sentence of a criminal court for a term
27 less than for life, the time of that disability is not a part of the time limited for the
28 commencement of the action, not to exceed two years."  Cal. Code Civ. Proc.

2

§ 352.1(a). Thus, a prisoner serving a term less than life in California may have four years to file a federal section 1983 claim. *See Cato v. Durst*, No. 2:17-cv-1873-TLN-EFB P, 2019 WL 2249636, at *2 (E.D. Cal. May 23, 2019).

The Ninth Circuit previously held that a person "held in police custody prior to arraignment is faced with the same limitations as someone in custody after arraignment . . . [thus] actual, uninterrupted incarceration is the touchstone for assessing tolling under § 352(a)(3) [the precursor to § 352.1(a)], which covers all post-arrest custody." *Elliott v. Union City*, 25 F.3d 800, 803 (9th Cir. 1994) (quotations omitted). Thus, under *Elliott*, a plaintiff held in continuous pre-trial custody following arrest could benefit from tolling pursuant to section 352.1(a).

Post-*Elliott*, however, the California Court of Appeal held that tolling under section 352.1(a) is only available if the plaintiff is serving a term of imprisonment "in the state prison" at the time of accrual. *Austin v. Medicis*, 21 Cal. App. 5th 577, 582 (2018), *reh'g denied* Apr. 11, 2018, *review denied* June 13, 2018. The appellate court specifically held that pre-trial custody in a county jail does not render an arrestee "imprisoned on a criminal charge" under section 352.1(a). *Id.* at 597.

The Magistrate Judge applied the holding in *Austin* to find that the Plaintiff was not entitled to tolling under section 352.1(a). As the Ninth Circuit has reasoned, courts should "follow a published intermediate state court decision regarding California law unless [it is] convinced that the California Supreme Court would reject it." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). Applying this standard, the Magistrate Judge found (1) there was no post-*Austin* opinion from the Ninth Circuit indicating the California Supreme Court would decide differently, and (2) the court was unaware of any other evidence that the California Supreme Court would decide differently than *Austin*. (ECF No. 56 at 7–8.) The Magistrate Judge also noted that the Ninth Circuit had issued two unpublished decisions relying on *Austin*'s holding that a pre-trial detainee is not entitled to the tolling available under section 352.1(a). *See Shaw v. Sacramento Cnty. Sheriff's Dep't*, 810 Fed. App'x 553, 554 (9th

Cir. 2020); *Darbouze v. Christopher*, No. 21-55133, 2022 WL 1769794, at *1 (9th Cir. June 1, 2022). Thus, because Plaintiff's cause of action accrued while he was arrested in his home, and not while imprisoned, the Magistrate Judge found section 352.1(a) tolling did not apply.

However, after the findings and recommendations were issued, the Ninth Circuit issued a detailed opinion analyzing the appellate court's reasoning in *Austin*, and holding that *Elliott*, not *Austin*, controls in federal court because "[c]onvincing evidence exists that the California Supreme Court, in interpreting § 352.1(a), would not follow *Austin*." *See Mosteiro*, 2023 WL 5695998, at *2. Since *Mosteiro* was issued, district courts have applied *Elliott*, not *Austin*, when analyzing tolling. *See, e.g., Prescott v. Contra Costa County*, No. 24-cv-01660-HSG, 2024 WL 3090489 (N.D. Cal. June 21, 2024); *Frias v. County of San Diego*, No. 3:22-CV-00675-JO-AHG, 2023 WL 8285195 (S.D. Cal. Nov. 29, 2023); *Robinson v. County of San Bernardino*, No. EDCV 23-0836-DMG-PVC, 2023 WL 9420507 (C.D. Cal. Sept. 26, 2023).

Defendants urge the Court to disregard *Mosteiro's* reasoning and apply *Austin* instead. Defendants argue *Mosteiro* was incorrect in holding the California Supreme Court would not follow *Austin* as the *Austin* court correctly applied principles of statutory construction in analyzing section 352.1(a). (ECF No. 65 at 1–4.) Specifically, the *Austin* court found the language of section 352.1 was ambiguous, noting that the "Code of Civil Procedure does not define imprisoned on a criminal charge . . . and our research has not revealed any published California decision defining that term." *Austin*, 21 Cal. App. 5th at 590. Thus, to resolve this ambiguity, Defendants argue the *Austin* court properly turned to legislative history to support their conclusion that section 352.1(a) does not apply to pre-trial custody. (ECF No. 65 at 3.) Defendants also argue *Elliott* is not good law, as it interpreted California Code of Civil Procedure § 352(a)(3), which has since been replaced by section 352.1, and wrongly "read the statute to apply to claims that accrued during arrest before imprisonment, if the

plaintiff remained in continuous custody thereafter, despite the statute's clear pronouncement that it tolled claims that accrued during imprisonment." (*Id.* at 4–5.)

The Court disagrees with Defendants and finds the detailed analysis in *Mosteiro* persuasive. In rejecting the conclusion in *Austin*, the *Mosteiro* court concluded that the state court's analysis violated basic principles of statutory interpretation. 2023 WL 5695998, at *3. Specifically, the *Austin* court looked to the meaning of "imprisoned" in isolation, disregarding the rest of the statute, which states that tolling applies to anyone "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than life." *Id.* at *4. The *Mosteiro* court explained that a "criminal charge" ordinarily refers to "the specific crime the defendant is accused of committing" in a complaint, information, or indictment. *Id.* at *5. Therefore, the statute "plainly encompasses pretrial detention" when an individual is imprisoned on, but not yet convicted of, such charges. *Id.* at *5–6. The *Austin* court's reading of the statute would also render superfluous the rest of the provision, which provides for post-conviction tolling when a person is imprisoned "in execution under the sentence of a criminal court for a term less than for life." *Id.* at *6–7. Because the meaning of the statute is clear on its face, the *Mosteiro* court found that there was no need to consult legislative history. *Id.* at *7.

The Court is also not persuaded by Defendants' arguments that *Austin* undermines the reasoning in *Elliott*. As an initial matter, the *Austin* case does not substantively wrestle with *Elliott*. It dismissed *Elliott* in a single sentence as "unpersuasive" because it "predated the enactment of section 352.1, [so] the Elliott court did not have the benefit of the legislative findings on this subject." *Austin*, 21 Cal. App. 5th at 590, n.4. However, the statutes considered by the courts in *Elliott* and *Austin* are nearly identical. "[T]he only difference between the prior and current versions [of the statute] is the length of the tolling period, which does not undermine *Elliott*'s reasoning." *Ruiz v. Ahern*, No. 20-cv-01089-DMR, 2020 WL 4001465, at *5 (N.D. Cal. July 15, 2020). Moreover, the *Elliott* court's interpretation of "imprisoned on

a criminal charge" appears consistent with the plain meaning of the statute.  The *Austin* court's interpretation, on the other hand, appears to sidestep the plain meaning of the statute in favor of scrutinizing its legislative history.

In short, "this case presents one of those rare instances where convincing evidence exists that the highest court of a state will not follow the result reached by some of that state's inferior appellate courts." *Owen v. United States*, 713 F.2d 1461, 1465 (9th Cir. 1983).  The Court finds that *Elliott* remains good law and best predicts how the California Supreme Court would interpret section 352.1(a).  *Accord Moore v. Butte County*, No. 2:22-CV-01517-DJC-JDP, 2024 WL 2853263, at *1 (E.D. Cal. June 5, 2024).

Accordingly, the Court holds that the statute of limitations on Plaintiff's excessive force claim ran four years after his cause of action accrued on March 9, 2018, given that Plaintiff has been held in continuous custody following his arrest on that date. (*See* ECF No. 64 at 2.)  As Plaintiff filed his action on August 6, 2021, his action is timely.

## CONCLUSION

In accordance with the above, it is hereby ORDERED:

1. The findings and recommendations filed August 7, 2023 (ECF No. 56) are rejected; and
2. The matter is referred back to the Magistrate Judge to determine whether Defendant Michael French is entitled to summary judgment because he did not use force on Plaintiff (*see* ECF No. 52).

IT IS SO ORDERED.

Dated:   **July 12, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE